VIRGIL ENGLEMANN, Admr. of the Estate of Robert Englemann, Deceased, Plaintiff-Appellant, *v.* STANDARD MUTUAL INSURANCE COMPANY, Defendant-Appellee.

(No. 71-87;

Fifth District—February 25, 1972.

Norman Nold, of Freeburg, and C. E. Heiligenstein, of Belleville, for appellant.

Maurice W. Kepner, of Springfield, and John F. O'Connell, of Belleville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The plaintiff administrator appeals from a summary judgment entered by the trial court on Count I of his complaint. Plaintiff alleges the existence of an insurance policy of defendant providing medical pay coverage to the plaintiff's intestate as an occupant of an insured vehicle. The complaint further alleges that plaintiff's intestate was a passenger of the insured vehicle; that the policy of insurance afforded reimbursement for medical and funeral expenses to passengers; that demand had been made for payment which was refused, and that the refusal was vexatious in violation of a statute and that the plaintiff did not have a copy of the insurance policy, and concludes with a general demand for judgment in the sum of $3,000 and costs of suit, and a jury demand.

Count II which is not involved in this appeal consists of an action against the driver of the vehicle under the Injuries Act.

The briefs of both parties are chiefly remarkable for the acrimonious accusations they contain and both have neglected to deal with aspects of the law which are important to the disposition of the case.

On reading the record it is evident that this action is simply a side

issue to the principal action which apparently still continues in the trial court. The actions of both the plaintiff and defendant in the trial court as well as here are characterized by omissions which seemingly result from haste.

The plaintiff brings his action against the defendant insurance company and uses this action as a basis for its claim for venue in St. Clair County where the defendant is said to do business, rather than Clinton County where the accident occurred and where the defendant in the death case apparently resided. The defendant in turn seeks the prompt disposition of this action in order to avoid the possibility of venue in St. Clair County.

■■ The complaint is seriously deficient in various particulars. We are not, however, constrained to dispose of this case upon this point. The entirety of the plaintiff's contention is based upon the failure of the trial court to permit a trial on the issue of vexatious delay and to allow interest. The matter of interest may be disposed of without further comment because the plaintiff's complaint omits to make any claims for interest. Even now the plaintiff has not undertaken to amend the complaint in order to request interest.

The right to damages in the form of attorney fees for vexatious failure to pay is based upon a paragraph in the Insurance Code permitting limited attorney fees in such a case. The complaint fails to make any allegation of any circumstance of fact bearing upon that vexatiousness unless it can be said that the failure to pay upon the demand of the plaintiff constituted such vexatiousness.

■■ Unfortunately, the motion for summary judgment was made prior to the filing of any answer on the part of the defendant. This makes the drawing of issues doubly difficult for the trial court and the court of appeal. However, the plaintiff has seen fit to file an "answer" to the motion for summary judgment. While such an answer is neither necessary or desirable, it does in this particular instance provide an instrument making issues of a sort which can be considered. We commend to counsel the language of *Moore v. Pinkert*, 28 Ill.App.2d 320, at p. 324, 171 N.E.2d 73.

From examination of the motion for summary judgment and the affidavits attached and the affidavits in opposition, it becomes apparent without contradiction that the policy of insurance sued upon provided one thousand dollars in medical payment or funeral bill benefits to the plaintiff, and that no action shall lie against the company unless as a condition precedent thereto there shall have been a full compliance with all the terms of the policy, and that a written proof of claim must be made. It further appears that after the suit was filed the defendant com-

pany made a tender of one thousand dollars which tender was refused by the plaintiff. The defendant offers in its brief here to continue this tender in full force and effect.

■■ The affidavits filed by the plaintiff and defendant relative to this summary judgment are worthy of some comment. At intervals it is obvious that the affidavits were not made on the personal knowledge of the affiant and frequently do not consist of facts but rather conclusions, both in violation of the terms of Supreme Court Rule 191, par. (a), Ill. Rev. Stat., ch. 110A, par. 191(a), which provides that such affidavits shall not consist of conclusions but of facts admissible in evidence, as well as setting forth that the affidavit must affirmatively show that the affiant as a witness could competently testify to the matters contained in the affidavit. With respect to performance of conditions precedent, there are no statements in the affidavits for the plaintiff other than conclusions. It appears from the affidavit filed on behalf of the defendant that no written proof of claim was ever filed for or on behalf of the plaintiff. Nothing is set forth in the affidavits tending to excuse or waive this requirement of the contract of insurance. In view of the plaintiff's failure to comply with the requirements of the contract and the condition precedent to its right to recover and with no showing of any waiver on behalf of the defendant insurer, the failure to pay the amount of the medical pay cannot be deemed vexatious since a valid defense existed at the time of the demand.

■■ This would appear to be sufficient to dispose of this case. However, in view of the form of judgment entered in the trial court, to confirm the trial court would have the effect of denying the plaintiff the $1,000 tendered by the defendant. Under the powers given us by Supreme Court Rule 366(a)(5), Ill. Rev. Stat., ch. 110A, par. 366(a)(5), permitting the reviewing court in its discretion to give any judgment and make any order that ought to have been given or made, we therefore affirm the judgment of the trial court allowing the motion for summary judgment as to Count I and enter judgment here upon the offered tender of the defendant in favor of the plaintiff for the sum of $1,000 and further order that each party shall bear one-half of the costs of suit on Count I.

Judgment affirmed, with entry of judgment here.

MORAN and EBERSPACHER, JJ., concur.